IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUCE COMMITTE,<br><br>          Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF NEBRASKA SYSTEM; THE UNIVERSITY OF NEBRASKA – OMAHA; and JOHN DOES,<br><br>          Defendants. | 8:21CV257<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[1]

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

---

[1] As part of its initial review, this court also has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. ANALYSIS

Plaintiff's Complaint contains four counts: (1) an age discrimination claim brought under the Age Discrimination in Employment Act ("ADEA"); (2) an age discrimination claim brought under the Nebraska Age Discrimination in Employment Act ("NADEA"); (3) a retaliation claim brought under the ADEA; and (4) a First Amendment retaliation claim brought under 42 U.S.C. § 1983.[2] Plaintiff claims he was not hired for an advertised accounting faculty position in 2020 at the University of Nebraska–Omaha ("UNO") because of his age (68 years) and his litigation activities against other universities for alleged ADEA and academic freedom violations.

A. ADEA Claims (Counts 1 and 3)

States are immune from claims brought under the ADEA and 42 U.S.C. § 1983 unless the state has expressly waived immunity. *Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) (affirming dismissal of ADEA and § 1983 claims against state university); *see Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91

---

[2] Plaintiff also cites 42 U.S.C. § 1988. Section 1988 merely provides for the application of common law in civil rights proceedings brought under other statutes and for attorneys' fees and experts' fees in civil rights cases. *Johnston v. Brisco*, No. 06-CV-03002, 2007 WL 1576026, at *31 (W.D. Ark. May 30, 2007). It does not create an independent federal cause of action for the violation of federal civil rights. *Stagemeyer v. Cty. of Dawson, NE.*, 205 F. Supp. 2d 1107, 1115 (D. Neb. 2002).

(2000); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989); *see also Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), bars suits for both money damages and injunctive relief against a state university).[3]

"UNO is part of the University of Nebraska, and … the University of Nebraska and its institutions are considered an arm of the State of Nebraska for purposes of the Eleventh Amendment." *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (holding ADEA retaliation claim against UNO barred by Eleventh Amendment immunity); *see Cammarata v. Bd. of Regents of Univ. of Nebraska*, No. 8:08CV130, 2009 WL 3297509, at *4 (D. Neb. Oct. 13, 2009) (ADEA claim); *Doe v. Bd. of Regents of Univ. of Nebraska*, 509 F. Supp. 3d 1133, 1140 (D. Neb. 2020) (§ 1983 claim).

Although Defendants include "John Does," it must be presumed they are sued only in their official capacities because the Complaint does not specify they are sued in their individual capacities. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). A suit against a public employee in his or her official capacity is merely a suit against the public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Regardless, the ADEA only imposes liability upon employers, not individual supervisors or co-workers. *Bartunek v. eFrame, LLC*, No. 8:16CV69, 2016 WL 5854215, at *1 (D. Neb. Oct. 6, 2016) (collecting cases); *see Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *4 (D. Neb. June 16, 2020).

Thus, counts 1 and 3 of Plaintiff's Complaint must be dismissed in their entirety for lack of subject matter jurisdiction.

B. NADEA Claim (Count 2)

Under the NADEA, the "state, governmental agencies, and political subdivisions may be sued upon claims arising under the Act ... in the same manner

---

[3] The Nebraska Supreme Court has consistently held that a suit against a state university is barred by the doctrine of sovereign immunity. *See, e.g., Burke v. Bd. of Trustees of Nebraska State Colleges*, 924 N.W.2d 304, 312 (Neb. 2019); *Potter v. Bd. of Regents of the Univ. of Nebraska*, 844 N.W.2d 741, 749 (Neb. 2014); *Shlien v. Bd. of Regents of the Univ. of Nebraska,* 640 N.W.2d 643, 648 (Neb. 2002).

as provided by such act for suits against other employers." Neb. Rev. Stat. § 48-1010. The Act permits an aggrieved person to bring a civil action "in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of [the Act]." Neb. Rev. Stat. § 48-1008(1).

A state statute permitting an aggrieved person to bring a civil action against the state in "any court of competent jurisdiction" is not sufficient to waive the state's sovereign immunity to suits in federal court. *Schreiber v. Nebraska*, No. 8:05CV537, 2006 WL 488719, at *2 (D. Neb. Feb. 28, 2006) (citing *Faibisch v. University of Minnesota,* 304 F.3d 797, 800 (8th Cir. 2002), citing *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 676 (1999), and *Kennecott Copper Corp. v. State Tax Comm'n,* 327 U.S. 573, 577-79 (1946)).[4] Consequently, count 2 of Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. *See id.* (dismissing NADEA claim brought against the State of Nebraska).[5]

C. Section 1983 Claim (Count 4)

As already discussed, Eleventh Amendment immunity bars Plaintiff's First Amendment retaliation claim as against all Defendants. While it might be possible to sue John Doe Defendants in their individual capacities under 42 U.S.C. § 1983

---

[4] "To waive sovereign immunity, a state must make a clear, unequivocal statement that it wishes to do so." *Faibisch,* 304 F.3d at 800 , citing *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238-40 (1985). "A state's interest in sovereign immunity pertains not only to whether it may be sued but also to where it may be sued." *Id.,* citing *Atascadero,* 473 U.S. at 241, and *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99 (1984). A state must specify any intention to subject itself to suit in federal court. *Atascadero,* 473 U.S. at 241. The power of federal courts to exercise supplementary jurisdiction over pendent state claims does not override a state's sovereign immunity under the Eleventh Amendment. *Pennhurst,* 465 U.S. at 120-21.

[5] Prior to amendment in 2007, Sections 48-1001 to 48-1010 were known as the Act Prohibiting Unjust Discrimination in Employment Because of Age. *See* 2007 Nebraska Laws, LB 265.

for their actions in causing Plaintiff not to be hired,[6] the allegations of Plaintiff's Complaint are not sufficient to state a plausible claim for relief.

To prevail on a First Amendment retaliation claim, a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive. *Id.*; *see Hartman v. Moore*, 547 U.S. 250, 260 (2006) (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway"). In *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977), for example, "a teacher claimed that a school district refused to rehire him in retaliation for his protected speech. [The Supreme Court] held that even if the teacher's 'protected conduct played a part, substantial or otherwise, in [the] decision not to rehire,' he was not entitled to reinstatement 'if the same decision would have been reached' absent his protected speech." *Nieves*, 139 S.Ct. at 1722 (quoting *Mt. Healthy*, 429 U.S. at 285).

Here, Plaintiff alleges that the "John Does are members of the faculty search committee, the hiring manager, and all persons who approved the selection of the successful applicant for the position, and the person or persons who made the final appointment decision." (Filing 1, ¶ 9.) Plaintiff further alleges that "UNO and John Does were also aware of the publicly reported fact that Plaintiff was in U.S. District Court suing the Provost and Vice President of Academic Affairs at Northwestern State University for allegedly violating Plaintiff's Academic Freedom," and concludes that they "retaliated against the Plaintiff by not choosing him for the subject accounting faculty position *in part* because he had filed lawsuits against academic institutions …." (Filing 1, ¶¶ 44, 47 (emphasis supplied).)

---

[6] *See, e.g.*, *Wagner v. Jones*, 664 F.3d 259, 266 (8th Cir. 2011) (applicant for instructor at state university law school brought § 1983 action against school's dean, alleging violation of her First Amendment rights of political belief and association).

5

Plaintiff's allegation that his litigation activities were "part" of the reason he was not hired does not permit the court to draw a reasonable inference that Plaintiff would have been hired "but for" his constitutionally protected activity.

Although this action is subject to preservice dismissal, the court will give Plaintiff leave to file an amended complaint to state a First Amendment retaliation claim against one or more individual defendants. If Plaintiff chooses to file an amended complaint, he should identify the defendants by name or provide as much information as possible regarding their positions at UNO,[7] and should also describe exactly what individual role they played in violating Plaintiff's rights. In order to assert a section 1983 claim, the "plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (2009) (emphasis added).

### III. CONCLUSION

Eleventh Amendment immunity bars Plaintiff's ADEA and NADEA claims, and also Plaintiff's § 1983 claim against the University of Nebraska System and the University of Nebraska–Omaha. Plaintiff's section 1983 claims against John Doe Defendants are also barred by the Eleventh Amendment because, as pleaded, they are official-capacity claims. Plaintiff's Complaint therefore is subject to preservice dismissal for lack of subject matter jurisdiction.[8] On the court's own motion, however, Plaintiff will be given leave to amend.

Accordingly,

---

[7] "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

[8] Dismissal for lack of jurisdiction is not an adjudication of the merits, thus dismissal must be without prejudice. *Missouri Soybean Ass'n v. U.S. E.P.A.*, 289 F.3d 509, 513 (8th Cir. 2002). A dismissal without prejudice is not a bar to a later suit. *Id.*

IT IS ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 18, 2022—amended complaint due**.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 19th day of January 2022.

                                                     BY THE COURT:

                                                     *Richard G. Kopf*
                                                     Richard G. Kopf
                                                     Senior United States District Judge