IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUCE COMMITTE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF NEBRASKA SYSTEM, THE UNIVERSITY OF NEBRASKA - OMAHA, and JOHN DOES,<br><br>　　　　　Defendants. | 8:21CV257<br><br>**MEMORANDUM<br>AND ORDER** |

　　　　Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) Plaintiff claims he was not hired for an advertised accounting faculty position in 2020 at the University of Nebraska-Omaha ("UNO") because of his age and his litigation activities against other universities for alleged age discrimination and academic-freedom violations.

*Initial Review of First Complaint*

　　　　After initial review of Plaintiff's Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915(e)(2), the court decided that (1) Eleventh Amendment immunity barred Plaintiff's claims for money damages under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. §§ 48-1001, *et seq.*, as well as Plaintiff's 42 U.S.C. § 1983 claim against the University of Nebraska System and the University of Nebraska-Omaha; (2) Plaintiff's 42 U.S.C. § 1983 claims against the John Doe Defendants were also barred by the Eleventh Amendment because, as pleaded, they were official-capacity claims; and, therefore, (3) all of Plaintiff's claims were subject to preservice dismissal for lack of subject-matter jurisdiction. (Filing 7 at CM/ECF p. 6.) The court

allowed Plaintiff to file an amended complaint to state a First Amendment retaliation claim against one or more individual Defendants. (Filing 7 at CM/ECF p. 6.)

*Amended Complaint*

Plaintiff has filed an Amended Complaint (Filing 8), which is now subject to review under 28 U.S.C. § 1915(e)(2) using the same standards discussed in the court's prior Memorandum and Order (Filing 7). Plaintiff describes the claims in his Amended Complaint as follows:

> The complaint alleges a violation of Plaintiff's (1) US Constitution 14th Amendment fundamental protected right to equal protection of the laws in an age discrimination failure to hire situation and (2) US Constitution fundamental First Amendment right to petition, without retaliation, his government for redress of his grievances for violations of his fundamental right to Academic Freedom protected by the U.S. Constitution.

(Filing 8 at CM/ECF p. 2.)

Plaintiff, who was born in 1952, alleges that despite the fact "he was by far the more qualified applicant for the job given the UNO job description," he was not hired for an advertised position of assistant professor of accounting at UNO. Attached to Plaintiff's Amended Complaint is the resume he allegedly submitted as part of his application for the UNO position, as well as the resume of "the much younger person hired, Mr. Nicholas A. Jasa," who was born in 1989. Plaintiff has not filed the job posting describing the position for which he and Jasa applied.

Plaintiff describes his qualifications as compared with Jasa's and also alleges that at the time of the hiring process at issue, UNO was engaged in a program entitled the "Voluntary Retirement Incentive System" which sought to "get rid of all faculty 62 years of age or older who had at least ten years of employment with the University." Plaintiff claims that under this program, UNO paid its older faculty a bonus of 80 percent of their yearly salary if they would quit their employment.

2

Plaintiff says that the "VRIS program imbued UNO campus-wide with a culture among all of its employees and members of the Board of Regents that older faculty members were unwanted at the University by the University." (Filing 8 at CM/ECF pp. 10-11.)

Plaintiff states that he brings his claims for money damages under 42 U.S.C. § 1983; he no longer sues Defendants the University of Nebraska System and the University of Nebraska-Omaha; and the remaining unnamed Defendants "include" members of the hire search committee, the hiring manager, all UNO administrators, and members of the UNO Board of Regents who made, approved, recommended, or did not object to the decision to hire another candidate for the accounting faculty position instead of Plaintiff, as well as University "law compliance officer(s) who failed to communicate to the unlawfulness of the non-selection of [Plaintiff] for hire" in their individual capacities. (Filing 8 at CM/ECF pp. 2-5.)

*Plaintiff's Litigious History*

The court first notes that Plaintiff has a history of raising similar lawsuits against universities for employment discrimination. As described in *Committe v. AACSB Int'l*, No. 3:20-CV-00372, 2020 WL 6471723, at *1 n.2 (D. Or. Sept. 8, 2020), *report and recommendation adopted,* No. 3:20-CV-00372, 2020 WL 6471689 (D. Or. Nov. 3, 2020) (challenging plaintiff's unsuccessful application for faculty accounting position at Oregon State University under ADEA and 42 U.S.C. § 1983):

> Plaintiff "has an extensive history of filing meritless suits against universities for alleged employment discrimination or civil rights violations," both within and outside this District. [*Committe v.*] *Gentry*, [No. 19-cv-0122,] 2020 WL 3443022 at *3 n.2 [(W.D. Louisiana May 8, 2020] (collecting cases); *see also Committe v. Miller Nash Graham & Dunn, LLP*, 2020 WL 410189, *1 (D. Or. Jan. 23), *recons. denied*, 2020 WL 1821455 (D. Or. Apr. 10, 2020) (summarizing plaintiff's four prior lawsuits involving OSU, all of which were dismissed, and denoting that they concerned virtually identical claims—i.e., "for age

3

discrimination, retaliation, denial of academic freedom, and violations of his free speech and equal protection rights against OSU and several employees when he applied for, but did not receive, an advertised accounting faculty position").

While 28 U.S.C. § 1915(e)(2) would allow this court to dismiss a duplicative complaint that raises issues that are directly related to issues in other pending actions brought by the same party, this action cannot be considered "duplicative" of the several similar suits Plaintiff has filed elsewhere because Plaintiff's claims are asserted against different Defendants on different facts. *Crozier v. Westside Cmty. Sch. Dist.*, No. 8:20CV200, 2020 WL 6741661, at *2 (D. Neb. Nov. 17, 2020) (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotations and citation omitted))). Therefore, the court must consider whether Plaintiff states a claim upon which relief can be granted.

*Discussion*

<u>Equal Protection</u>

Plaintiff first claims that Defendants' "irrational age discrimination . . . denied Plaintiff equal protection of the law otherwise guaranteed the Plaintiff by the Fourteenth Amendment to the U.S. Constitution." (Filing 8 at CM/ECF p. 15.) Plaintiff has brought, and lost, this claim in other jurisdictions.

> [P]laintiff's equal protection claim—which alleges that his constitutional rights were violated due to age-based discrimination—is preempted by the ADEA. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1060 (9th Cir. 2009). In fact, as this District previously recognized, "[p]laintiff has made similar allegations against OSU and other public institutions, and they have been rejected." *Committe III*, 2018 WL 4623159 at *3 (citing *Committe v. Or. State Univ*. ("*Committe*

4

*II*"), 2016 WL 4374945, *3 (D. Or. Aug. 11, 2016); *Committe v. Jianping Zhu*, 2017 WL 4512479, *1 (N.D. Ohio Aug. 17, 2017)).

. . . .

. . . [P]laintiff has repeatedly been informed that certain claims—such as those alleging age discrimination under 42 U.S.C. § 1983—fail as a matter of law, yet plaintiff continues to assert such claims in each successive suit. *See Committe v. Terry*, 2018 WL 4519319, *2 (N.D. Tex. Aug. 31), *adopted by* 2018 WL 4518660 (N.D. Tex. Sept. 20, 2018) ("[p]laintiff is aware his claims [for failure to hire against academic institutions] are frivolous based on past dismissals of similar claims he has made in cases across the country"). Accordingly, defendants' request for a pre-filing order is granted and plaintiff is henceforth prohibited from filing any 42 U.S.C. § 1983 or age discrimination claims against OSU or AACSB (including their respective employees and Boards of Trustees) and current counsel without first obtaining leave from the Court.

*Committe v. AACSB Int'l*, No. 3:20-CV-00372, 2020 WL 6471723, at *3-4 (D. Or. Sept. 8, 2020), *report and recommendation adopted,* No. 3:20-CV-00372, 2020 WL 6471689 (D. Or. Nov. 3, 2020).

In jurisdictions that did not rely on ADEA preemption to dismiss Plaintiff's claims that his equal protection rights were violated when he was not selected for a teaching position, Plaintiff's claims were still dismissed. *See Committe v. Yen*, No. 617CV0784, 2018 WL 2108193, at *3 (N.D.N.Y. May 7, 2018), *aff'd sub nom. Bruce Committe v. Yen*, 764 F. App'x 68 (2d Cir. 2019) (plaintiff's equal protection claim based on age discrimination dismissed because plaintiff failed to include sufficient factual allegations indicating that age was a factor in defendant's decision not to hire plaintiff; plaintiff's allegations regarding his qualifications, as compared with those of other candidates, were vague and conclusory; and plaintiff failed to describe his qualifications for the accounting-professor position or those of the other candidates); *Bruce Committe v. N. Michigan Univ.*, No. 2:16-CV-81, 2016 WL 8738358, at *4 (W.D. Mich. June 21, 2016) (plaintiff's age-discrimination claim

under 42 U.S.C. § 1983 and Equal Protection Clause failed because plaintiff could not demonstrate that defendants would have hired him but for his protected status).

In the Eighth Circuit, it is, of course, recognized that the Equal Protection Clause "requires that the government treat . . . similarly situated persons alike." *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (internal quotation marks and citations omitted). Further, courts in this circuit apply the *McDonnell Douglas*[1] burden-shifting analysis to claims of employment discrimination under the Equal Protection Clause. *Id*. Under this test, "a prima facie case of discrimination requires that a plaintiff prove: '(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination.'" *Id*. (quoting *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 510 (2002)); *see also Hurst v. Scarborough*, No. 4:12CV3250, 2013 WL 2481527, at *5 (D. Neb. June 10, 2013) (age discrimination can provide grounds for an equal protection claim). In *Hager*, the plaintiff failed to state a 42 U.S.C. § 1983 claim for gender discrimination based on equal protection because she made only two conclusory allegations of gender discrimination (that she was a victim of gender discrimination and she was discharged under circumstances that similarly situated males were not) and she failed to allege any facts showing that similarly situated employees were treated differently.

Here, Plaintiff does not allege, or attach a copy of, the job requirements and job description for the position at issue, so it is not clear that Plaintiff was qualified for the job in question.[2] Nor does Plaintiff state any facts from which the court can reasonably infer age discrimination by any of the particular Defendants named; that similarly situated applicants with qualifications similar to Plaintiff's were hired by

---

[1] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801 (1973).

[2] Plaintiff only alleges that "Research and Teaching both in accounting were the job's primary requirements." (Filing 8 at CM/ECF p. 10.)

6

Defendants for similar positions, whereas Plaintiff was not; or that Defendants would have hired him but for his age. Therefore, Plaintiff fails to state a claim on equal protection grounds.

Although this claim is subject to preservice dismissal, the court will give Plaintiff leave to file a second amended complaint to state a 42 U.S.C. § 1983 claim against one or more individual Defendants for age discrimination in violation of the Equal Protection Clause if truthful facts exist to do so. He should also identify the Defendants by name or provide as much information as possible regarding their positions at UNO,[3] and he should also describe exactly what individual role each of the Defendants played in violating Plaintiff's rights. In order to assert a section 1983 claim, the "plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (2009) (emphasis added).

*First Amendment Retaliation*

Plaintiff next alleges that the Defendants did not hire him because he previously filed civil lawsuits in other jurisdictions, which led Defendants to characterize Plaintiff as a "trouble maker." Plaintiff alleges that these actions retaliated against him for "exercising his [F]irst Amendment right to petition his government for state actors denying him his Academic Freedom." (Filing 8 at CM/ECF p. 17.)

To prevail on a First Amendment retaliation claim, a plaintiff must establish that he was engaged in protected expression and there was a causal connection

---

[3] "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

7

between the government defendant's retaliatory animus and the plaintiff's subsequent injury. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.*; *see Hartman v. Moore*, 547 U.S. 250, 260 (2006) (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway"). In *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977), for example, "a teacher claimed that a school district refused to rehire him in retaliation for his protected speech. [The Supreme Court] held that even if the teacher's 'protected conduct played a part, substantial or otherwise, in [the] decision not to rehire,' he was not entitled to reinstatement 'if the same decision would have been reached' absent his protected speech." *Nieves*, 139 S. Ct. at 1722 (quoting *Mt. Healthy*, 429 U.S. at 285).

Plaintiff alleges that "[a]ll of the defendants . . . used the fact of Plaintiff's previously having filed . . . civil law suits in other forums alleging . . . denials of Plaintiff's right to Academic Freedom as the reason not to recommend the hire, or approve the hire, or hire Plaintiff." (Filing 8 at CM/ECF p. 17.) Plaintiff also states that "[a]ll of the defendants" used Plaintiff's lawsuits in other jurisdictions "to judge Plaintiff a trouble maker and for that reason to decide against hiring Plaintiff thereby retaliating against him for exercising his first Amendment right to petition his government for state actors denying him his Academic Freedom." (*Id.*) Finally, Plaintiff alleges that Defendants did not have a compelling, important, or rational reason to retaliate against him for filing such lawsuits, and that "[b]ut for the retaliation[,] . . . [Plaintiff] would have been hired." (*Id.* at p. 18.)

For purposes of initial review, Plaintiff has sufficiently alleged that he would have been hired for the UNO position but for the Defendants' retaliatory animus against his constitutionally protected activity—i.e., Defendants failed to hire him because Plaintiff filed similar lawsuits against colleges and universities in other

jurisdictions. *See Eggenberger v. W. Albany Twp.*, 820 F.3d 938, 943 (8th Cir. 2016) ("filing a lawsuit is generally a protected activity under the First Amendment right to petition for the redress of grievances"); *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009) (filing of lawsuit is protected First Amendment activity (citing *Lewis v. Jacks,* 486 F.3d 1025, 1029 (8th Cir. 2007)). However, as with Plaintiff's equal protection claim, Plaintiff will be required to identify in a second amended complaint the Defendants by name or provide as much information as possible regarding their positions at UNO so that the identities of each Defendant can be ascertained after reasonable discovery. Plaintiff's second amended complaint should also describe exactly what individual role each Defendant played in violating Plaintiff's rights. Accordingly,

IT IS ORDERED:

1. Plaintiff's request to dismiss Defendants the University of Nebraska System and the University of Nebraska-Omaha is granted, and such Defendants shall be dismissed from this case without prejudice.

2. Plaintiff shall have 30 days to file a second amended complaint in accordance with this Memorandum and Order. Failure to file a second amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. In the event Plaintiff files a second amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that a second amended complaint will supersede, not supplement, prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files a second amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **July 1, 2022—second amended complaint due**.

6. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

DATED this 1st day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge