IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUCE COMMITTE,<br><br>               Plaintiff,<br><br>vs.<br><br>JOHN DOES, LOUIS POL, SUSAN ELDRIDGE, MICHELLE W. TRAWICK, and SACHA KOPP,<br><br>               Defendants. | 8:21CV257<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis (Filing 5). Plaintiff claims he was not hired for an advertised accounting faculty position in 2020 at the University of Nebraska at Omaha ("UNO") because of his age and his litigation activities against other universities for alleged age discrimination and academic-freedom violations. The court performed initial reviews of Plaintiff's Complaint and Amended Complaint and invited Plaintiff to file a second amended complaint to address certain deficiencies. (Filings 1, 7, 8, 9.) Plaintiff has now filed a Second Amended Complaint. (Filing 12.)

      Pursuant to 28 U.S.C. § 1915(e), the court must determine whether summary dismissal of Plaintiff's Second Amended Complaint is warranted. In doing so, the court has applied the same standards discussed in its prior Memorandum and Order (Filing 7) and has recalled its prior detailed discussion of the law relevant to the two claims Plaintiff now asserts (Filing 9)—(1) an equal protection claim stemming from age-based employment discrimination and (2) a claim for First Amendment retaliation.

      Construing Plaintiff's Second Amended Complaint liberally, holding Plaintiff to "a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase*

*Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), and noting that the Plaintiff has satisfactorily addressed the deficiencies in his Amended Complaint, the court concludes that Plaintiff's claims may proceed to service of process. *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004) ("if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework"). However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Second Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

Accordingly,

IT IS ORDERED:

1. Plaintiff's claims alleging (1) age-based employment discrimination in violation of his right to equal protection and (2) First Amendment retaliation may proceed to service of process against the Defendants in their individual capacities.

2. The Clerk of Court is directed to complete a summons form and a USM-285 form for each Defendant using the following addresses:

**Louis Pol**, 239 N. 248th Cir., Waterloo, NE 68069

**Susan Eldridge**, Associate Dean for Faculty, Research and Planning, University of Nebraska at Omaha, College of Business Administration, 300 Mammel Hall, 6708 Pine Street, Omaha, NE 68182

**Michelle Trawick**, Dean, College of Business Administration, University of Nebraska at Omaha, College of Business Administration, 300 Mammel Hall, 6708 Pine Street, Omaha, NE 68182

**Sacha Kopp**, Provost, Gonzaga University, College Hall, Room 218, 502 E. Boone Ave., Spokane, WA 99258

The Clerk of Court shall forward the summons form and USM-285 form for each named Defendant in their individual capacity, together with a copy of the Amended Complaint (Filing 12) and a copy of this Memorandum and Order, to the Marshals Service. **The Marshals Service shall serve the Defendants at the addresses listed above.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[1]

3.  Service of process cannot be issued on the John Doe Defendants without Plaintiff specifically identifying them. After taking reasonable steps to identify such John Doe Defendants, Plaintiff shall, within 90 days of the entry of this Memorandum and Order, file a Motion for Service containing the full names of, and service addresses for, the John Doe Defendants. If Plaintiff fails to do so, the John Doe Defendants will be dismissed from this action without prejudice due to a lack of service pursuant to Fed. R. Civ. P. 4(m). Plaintiff may request an extension of

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

time in which to identify the John Does if additional time is needed. The Clerk of Court shall set a case-management deadline accordingly.

4.     The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5.     Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this Order to complete service of process upon Defendants Pol, Eldridge, Trawick, and Kopp. The Clerk of Court shall set a case-management deadline accordingly.

6.     Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 27th day of October, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4